PATRICK J. KEOGH AND JUDITH KEOGH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keogh v. Commissioner
Docket No. 6970-89
United States Tax Court
T.C. Memo 1992-131; 1992 Tax Ct. Memo LEXIS 152; 63 T.C.M. (CCH) 2283; T.C.M. (RIA) 92131; March 4, 1992, Filed *152 Decision will be entered under Rule 155. Held: Petitioner Patrick J. Keogh's stock option does not qualify under sec. 422A(b)(4); petitioners are not liable for the negligence additions or the sec. 6661 addition. Sherin v. Reynolds, for petitioners. Nancy M. Vinocur, for respondent. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax for tax years ended December 31, 1985, and 1986 as follows:  Additions to Tax
Tax Year
Sec.
Sec.
Sec.
Ended Deficiency
6653(a)(1)(A) [1]
6653(a)(1)(B) [1]
6661
12-31-85
$ 745,899
$ 37,295
50% of the interest
$ 186,475
due on $ 745,899
12-31-86
$   9,392
$    470
50% of the interest
$   2,348
due on $ 9,392
The principal issue before the Court is whether amounts received by petitioner Patrick J. Keogh upon the disposition of stock in 1985 are *153 taxable as ordinary income pursuant to section 83 [2] or whether transfer of the stock to petitioner Patrick J. Keogh was pursuant to the exercise of an incentive stock option under section 422A as a consequence of which petitioners could treat the gain on the disposition of stock as capital gain. The second issue is whether petitioners are subject to additions to tax pursuant to section 6653(a) for tax years ended December 31, 1985, and 1986. Respondent has conceded that petitioners are not subject to the addition to tax pursuant to section 6661 in either year. This will be the second opinion which we have filed in this case. On March 13, 1990, in T.C. Memo. 1990-131, we denied petitioners' motion for summary judgment because it was quite clear that there were genuine issues of material fact which *154 were in dispute. Our opinion in T.C. Memo. 1990-131 is incorporated herein by this reference, and we will repeat the facts only to the extent necessary for an understanding of this opinion. FINDINGS OF FACT Some of the facts in this case have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by this reference. At the time of filing the petition in this case petitioners were husband and wife, residing in Easton, Connecticut. Hereinafter all references to petitioner are to Patrick J. Keogh, since only he was involved in the stock transactions in issue in this case. The issue arises out of a stock option with respect to stock of the corporation, Computronics Distributing, Inc. (Computronics), formerly known as Vitex Distributors, Inc. (Vitex). On May 1, 1982, Epson America, Inc. (Epson) formed Vitex as one of 12 distributors for products of Epson. Each of the distributors was a separate corporation with distinct territories within the United States. On May 1, 1982, petitioner entered into an employment agreement with Vitex pursuant to which he became that corporation's president and chief executive officer. On the *155 same day he also entered into an Option Agreement pursuant to which he was authorized to purchase unissued shares of common stock of Computronics on various dates commencing on August 1, 1984. Petitioner deposited with Computronics the sum of $ 25,000 as a payment for the options, to be credited toward the purchase price of shares of stock according to a specified schedule. The Option Agreement provided that the price of shares of stock purchased by petitioner pursuant to said agreement was to be $ 5 per share. Similar agreements were entered into by Computronics or Epson with other distributor presidents/CEO's at the same price of $ 5 per share. On May 30, 1984, petitioner exercised his option to acquire 6,618 shares of common stock of Computronics. On April 30, 1985, the Option Agreement was amended in order to cancel or terminate the right of petitioner to acquire further shares of Computronics. On March 25, 1985, an officer of Epson advised petitioner in writing that Epson would repurchase his shares of stock of Computronics in order to facilitate restructuring of the 12 regional distribution companies. On or as of May 1, 1985, petitioner, Computronics, and Epson entered *156 into a repurchase agreement providing for the repurchase of all of petitioner's Computronics stock. Petitioner received from Epson the sum of $ 1,414,365 by check dated June 27, 1985, and transferred to Epson all of his shares of stock in Computronics. On petitioners' 1985 joint Federal income tax return, the gain on petitioner's shares of Computronics stock was reported as long-term capital gain. Respondent in the notice of deficiency determined that the disposition of stock resulted in ordinary income, not capital gain, for petitioner. Prior to filing petitioners' 1985 Federal income tax return, petitioner discussed with and obtained the advice of his attorney, Sherin Reynolds, the attorney who represented petitioner in these proceedings. He also discussed with and obtained advice from Kevin Byrne who was then with the national accounting firm of Coopers & Lybrand and presumably was a certified public accountant. Petitioner's tax return preparer, James Crozier, also advised petitioner. Mr. Crozier, among other degrees, has a master's degree in taxation from the University of New Haven in West Haven, Connecticut. Mr. Crozier testified that, prior to reaching the conclusion *157 that the gain on the resale of the stock to Computronics should be treated for Federal income tax purposes as capital gain, he did research which included reviewing sections 421 and 422 as well as several of the tax services. Mr. Crozier believed that there was substantial authority for reporting the sale proceeds as capital gain. OPINION Section 422A includes a number of requirements which must be met in order for an option issued thereunder to be recognized as an incentive stock option. Respondent argues that petitioner's option failed to meet the requirements of section 422A(b)(1), (2), (4), and (8). For simplicity, we discuss principally section 422A(b)(4). Section 422A(b)(4) requires that the option price of incentive stock option shares be not less than the fair market value of the stock at the time the option is granted. Petitioners presented no evidence as to the value of the shares at that time. Respondent's expert valued the shares at $ 16.01. However, we are not required in this case to determine the precise value of the shares of stock on May 1, 1982. It is quite clear on the facts before the Court that petitioner simply accepted the $ 5 price set forth in the *158 option contract without any discussion or negotiation as to that price with Computronics or with Epson personnel. The $ 5 purchase price appeared in all 12 of the distribution agreements. There is no evidence that the $ 5 per share price was intended to represent the fair market value of the stock. Both Epson and Computronics intended the option to be part of the compensation package and the documents were presented to petitioner substantially on a "take it or leave it" basis. Since there is no evidence that either petitioner, Computronics, or Epson intended that this $ 5 per share price should reflect the market value of the shares of stock, we are required to hold for respondent on that issue. The stock option issued to petitioner does not qualify as an incentive stock option issued pursuant to section 422A(b), since there is no evidence that the $ 5 price reflects fair market value on the critical date. The remaining issue is whether or not petitioners are subject to the negligence addition. In this connection, respondent's counsel argues that there was no plan and that neither petitioner's attorney nor his tax return preparer ever attempted to determine the value of the *159 Computronics stock as of the appropriate date. It is not necessary in this case to determine whether or not there was in fact an option plan, although it is entirely possible that the option agreement itself, or the option agreements with each of the 12 distributors together, would constitute an option plan. With respect to negligence, by consulting with his attorney, his tax accountant, and his tax return preparer, petitioner did all that was reasonably required of a taxpayer. Perhaps those individuals were in fact negligent, but that does not affect petitioners. Accordingly, we hold for petitioners on the issue of the negligence addition and find that it is not appropriate in this case either as to tax years ended December 31, 1985, or 1986. Decision will be entered under Rule 155. Footnotes
1. For 1985 the sections are 6653(a)(1) and 6653(a)(2), respectively.↩
2. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩